Dease *v.* Cooper et al.

---

### LUCINDA S. DEASE *v.* ELIJAH G. COOPER *et al.*

1. PROBATE COURT: EXCLUSIVE JURISDICTION IN ALLOTMENT AND APPORTIONMENT OF YEARS SUPPORT FOR WIDOW AND CHILDREN OF DECEDENT.—The Probate Court has exclusive jurisdiction of the allotment of a year's support for the widow and children of a decedent, and may make such an apportionment of it as under the circumstances may be just and equitable.

2. ANNUAL ALLOWANCE FOR SUPPORT OF WIDOW AND CHILDREN: PARTIES INTERESTED IN, MUST PRESENT THEIR CLAIMS BEFORE CONFIRMATION OF REPORT OF APPRAISERS.—Parties claiming an interest in the annual allowance made by the Probate Court for the support of the widow and children of a decedent must present their claims before the report of the appraisers, appointed to.set aside the allowance, has been confirmed by the court; otherwise they will be deemed to have waived their rights in favor of other beneficiaries whose claims are presented.

3. CHANCERY COURT: JURISDICTION OVER APPORTIONMENT OF ANNUAL ALLOWANCE OF WIDOW AND CHILDREN.—The Chancery Court has no jurisdiction to make a *pro rata* distribution of the annual allowance given by the statute for the support of the widow and children of a decedent.

APPEAL from the Chancery Court of Jasper county. Hon. John Watts, judge.

*J. J. Shannon,* for appellants.

Dease *v.* Cooper et al.

We think the Probate Court was the proper court to decide who were entitled to the year's provision and the exempt property. By article 172, Rev. Code, page 469, the widow was allowed to retain all her husband's personal property and the property exempt from execution, and the appraisers were required to set apart one year's provision for the widow and children, or in lieu thereof, an allowance of money. By the amendment act, *pamphlet acts* of 1860, page 375, the personal estate exempt from execution shall be retained by the widow and children, and if there be no widow, it shall descend to the children, and the commissioners for this purpose shall report to the court, and this report shall either be approved or referred back to the appraisers, with instructions what to allow, etc. The Probate Court was the place to have 'objected to the improper action of the commissioners, and to have newly instructed the appraisers as to who were entitled to receive the property. But, on the merits, we think the bill should have been dismissed. The complainants being legatees of Edward Dease, and none of the property in dispute being bequeathed to them, *their* rights must be determined by the will; for the will, being vacated as to appellant, cannot benefit *them*. It does not appear that complainants were members of the family of deceased at his death, and the widow and the *children living with her* hold the property. This is the very meaning of the statute. She, as head of the family, holds the property for the benefit of herself and those of the children living with her. Any other construction would defeat the object of the legislature. Complainants surely cannot wish a *division* of the property. This, in many instances, would deprive the widow of any benefit from it. It might as well be *distributed* like the other property of the estate.

*Chapman* and *Jennings* for appellees.

The Chancery Court has alone jurisdiction of the subject-matter in dispute. The intent of the statute is clearly to keep the property out of the ordinary course of administration, as it provides that the widow and children are to " *retain and hold,*" not that "it shall descend to them," as under the statutes of

1839 and 1852. The Probate Court has only to regulate the allowance to the widow and children, and see that the proper allowance is made, and approve or disapprove the report of the appraisers, etc., and there its jurisdiction ends. To hold that the benefits of this act applies only to the widow and those of the children living with her, would often exclude a majority of the children, who might not be living with her at the time, which would be defeating the spirit and letter of the law. The legislature, seeing the unfairness of giving *all* the exempt property to the widow, in many instances a stepmother, and they being otherwise dependent on her bounty, determined to give the children a fixed interest in the exempt property, and the law clearly means that they are in no event to be deprived of that interest. There being a will does not alter the case. The law applies, and the exempt property goes, to widows and children of decedents, both testate and intestate, without regard to the will. In *Turner et al.* v. *Turner*, 30 Miss. R., page 428, it was held that under the acts of 1839, 1846, and 1852, the widow took by *descent or distribution;* the husband's right to dispose of it by will, not being interfered with. Under the statute of 1860, however, there is *no descent, no distribution;* the disposition by will is destroyed, and the widow and children take an absolute estate. If this be not the meaning, why did the legislature change the former law? As to the relief prayed for, *i. e.* by a *pro rata* division, it is the only way in which an interest can be obtained. The only benefit to be derived from the greater portion of the property is by *consumption.* The decree should be confirmed.

HARRIS, J., delivered the opinion of the Court.

The defendants in error filed their bill in the Chancery Court of Jasper county, as the children and heirs-at-law of Edward Dease, deceased (who died on the 30th June, 1860), against the plaintiff in error, Lucinda S. Dease, the widow of said decedent, to recover a *pro rata* share of the property exempt from execution, as well as a year's provision allowed by law, which was set aside by the appraisers appointed by the Probate

Dease *v.* Cooper et al.

Court of said county, and by them left in the possession of said widow. The bill shows that two of the complainants are married women, and the other four are minors, and none of them residing with the widow. The bill further shows, that the widow and plaintiff in error has four minor children of her own, by decedent, residing with her; that she holds and claims the exempt property and allowance made for a year's provision, for herself and her four minor children, and refuses to deliver a *pro rata* share thereof to these complainants.

The bill further shows that the decedent was possessed of a large real and personal estate at his death; and by agreement of counsel it is admitted that the widow renounced her interest under the will of decedent, which was duly probated as stated in the bill.

The prayer of the bill is for a decree that the said widow pay to complainants their *pro rata* interest in said property so set aside, as well as their share of the hire of a negro woman set aside by said appraisers and left in the possession of the widow. It further prays the appointment of a commissioner to take an account, etc., for such further and other relief, etc.

Process of subpœna is prayed against the widow. It is issued against the widow and her children, and executed on the widow, for herself and as guardian of her children, which the bill alleges her to be.

To this bill there was a demurrer filed, assigning two causes: first, that the Probate Court had jurisdiction of the matters complained of; and second, that the bill shows that the property is in the possession of the parties legally entitled to it. The demurrer was overruled, and the cause brought here by appeal.

In the case of *Womack* v. *Boyd*, 31 Miss. R., page 443, in construing some of the provisions of the act of October, 1852 (very similar to the act of 1860, under which these parties claim), we have held that this statute, making an allowance of a year's provision for the support of the widow and children of a decedent, does not provide in what proportions the same shall be divided amongst them, in case a division should be necessary; in such case it would be the duty of the Probate Court to make

such an apportionment as, under the circumstances, would be just and equitable, taking into consideration the sum necessary for the support of each; and this may be done by the court directly, or through the agency of the commissioner appointed to set apart this year's allowance.   What is here said of the act of 1852 is applicable to the act of 1860.   It follows from this view, that the Probate Court is the proper tribunal to ascertain and apportion to the widow and children, in cases like the present, according to their condition and necessities, the whole fund so designed for the support and maintenance of the families of decedents.   Any other rule would utterly defeat and destroy the beneficent policy which the legislature had in view, in the passage and amendment of the several acts which are to be found on our statute books.   The Probate Court, while exercising jurisdiction over the subject, should fully settle and adjudicate the rights of all the parties in interest; keeping in view, first, the support of the widow and all the children of the decedent; and, second, so apportioning the property as to meet the necessities of the widow and children respectively, as they may need its " *use.*"   Their jurisdiction in this respect is exclusive; and all parties claiming rights in such apportionment, must be held to the presentation of their claims before the report of the appraisers shall have been confirmed by the Probate Court, under the provisions of this act, or else be deemed to have waived them in favor of the other beneficiaries, whose claims are so presented.

To allow the Court of Chancery, or any other court, to assume jurisdiction over the subject, for the purpose of making a *pro rata* distribution of the fund to each of those interested, would not only oust the Probate Court of its rightful jurisdiction, but would invite a course of litigation as disastrous to the widow and children as it would be destructive of the end and object of the law.

On this ground the demurrer to this bill should have been sustained, and the bill dismissed.

Let a decree be entered in this court dismissing complainants' bill, at their cost.